JESUS V. AND CELIA M. MARTINEZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Martinez v. Commissioner
Docket No. 28109-89
United States Tax Court
T.C. Memo 1991-585; 1991 Tax Ct. Memo LEXIS 632; 62 T.C.M. (CCH) 1327; T.C.M. (RIA) 91585; November 27, 1991, Filed *632 Decision will be entered for the respondent. Jesus V. Martinez, pro se. Richard Ainsworth, for the respondent. BUCKLEY, Special Trial Judge. BUCKLEY
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A [1] and Rule 180. Respondent determined a deficiency in petitioners' 1986 Federal income tax in the amount of $ 7,431. The main issue for decision is whether petitioners are subject to the alternative minimum tax imposed by section 55(a) when they utilized income averaging in computing their tax. A subissue is whether petitioners are entitled to relief under the tax benefit rules of section 58(h). Some of the facts are stipulated and they are so found. Petitioners resided at Salinas, California, when they timely filed their petition herein. We are presented with a purely legal question in construing certain *633 alternative minimum tax provisions. Petitioners filed a joint return in 1986. During that year, petitioners had but one item of tax preference: a capital gains deduction in the amount of $ 38,537. Petitioners, who had losses in the years 1983, 1984, and 1985, computed their 1986 tax by income averaging pursuant to sections 1301 through 1307. Petitioners did not compute an alternative minimum tax. Petitioners are entitled to a $ 40,000 exemption for purposes of computing the alternative minimum tax for 1986. Respondent determined that petitioners are subject to the alternative minimum tax and issued a notice of deficiency in the amount of $ 7,431. Respondent computed the alternative minimum tax as follows: Adjusted Gross Income
$ 51,840.00
Less deductions $ 200
51,640.00
Plus tax preference item -- capital gain deduction
38,555.00
Alternative minimum taxable income
90,195.00
Less exemption amount
40,000.00
Excess alternative minimum taxable income
50,195.00
20% gross alternative minimum tax
10,039.00
Less: Adjusted corrected tax
2,606.80
Alternative minimum tax
7,432.20
The alternative minimum tax imposed by section 55(a) is "equal to the excess (if any) *634 of -- (1) an amount equal to 20 percent of so much of the alternative minimum taxable income as exceeds the exemption amount, over (2) the regular tax for the taxable year." Petitioners' argument here is simply that the alternative minimum tax provisions of section 55(a) are not intended for persons such as petitioners. They argue that if they had computed their tax without taking the deduction for capital gains, and had simply relied upon income averaging, their net tax would have been less than the alternative minimum tax. We have held that the term "regular tax" is the tax computed after the use of income averaging. That is the clear definition of the term in section 55(f)(2), and was our holding in ; ; . In Bettner, the taxpayer made the same argument petitioners make herein that she was not the sort of taxpayer Congress sought to tax when it drafted the minimum tax provisions. We stated therein as follows: While it is apparent that the congressional purpose in enacting the minimum *635 tax was to assure that the wealthy would pay their fair share of taxes, the statute by no means discriminated between the wealthy and the nonwealthy. Although it was primarily the wealthy who took advantage of tax preferences, the Senate Finance Committee stated further that reforming the tax law by enacting the minimum tax was necessary "to be certain that those with substantially the same incomes are paying substantially the same tax."
Further, we held in , that general language in the legislative history regarding the alternative minimum tax will not change the meaning of otherwise explicit statutory words. Indeed, there is no argument made in the case at bar that petitioners do not fall within the specific language of section 55(a) imposing the alternative minimum tax. See also , affg. a Memorandum Opinion of this Court. In any event, petitioners' contention that their tax would be less if they had not taken advantage of the capital gains deduction is incorrect. Without utilizing the capital gains deduction their tax on an income averaging *636 basis would be $ 10,959, rather than the alternative minimum tax of $ 7,431 computed by respondent. Petitioners have one further argument to make under the provisions of section 58(h). They contend that they did not receive a full tax benefit from the depreciation deductions taken in earlier years on the real property which was sold, because of their low taxable income. The record does not contain the specifics to allow us to ascertain if in fact petitioners did receive a tax benefit from the depreciation deductions. In this regard, we have no more than the vague general statement of petitioners' tax return preparer that petitioners, in unspecified earlier years, had depreciation which threw off no tax benefit, and he went on to state "I think the total was $ 7,400." We have serious doubt, in any event, whether the provisions of section 58(h) are applicable in this case involving the alternative minimum tax. Section 58(h) was added by the Tax Reform Act of 1976, Pub. L. 94-455, sec. 301(d)(93), 90 Stat. 1520,    , a time when the alternative minimum tax under consideration in this case was not in existence. Section 58 set forth rules for application of Part VI of the Internal *637 Revenue Code. It is in Part VI that the minimum tax for tax preferences is set forth. Subsection (h) provides: REGULATIONS TO INCLUDE TAX BENEFIT RULE. -- The Secretary shall prescribe regulations under which items of tax preference shall be properly adjusted where the tax treatment giving rise to such items will not result in the reduction of the taxpayer's tax under this subtitle for any taxable years.
The Secretary has not enacted such regulations. We have held that the fact that the Secretary has failed to issue such regulations does not serve to render the provision inoperative or inapplicable. ; , affd. . See also . If we understand petitioners' argument, it is that their basis in the capital asset sold which resulted in the tax preference, real property in Chualar, California, should be adjusted upwards by the amount of depreciation allowed or allowable in prior years which did not *638 throw off any tax benefit to them in those years. Respondent takes the position that 58(h), applying a tax benefit rule, was applicable to the add-on minimum tax repealed by TEFRA in 1982, and that it does not apply to the alternative minimum tax here under consideration. Such was in fact the holding of the District Court in Rather than deciding that issue unnecessarily, however, we simply note that even if we accept petitioners' contention that they had $ 7,400 of depreciation which gave them no tax benefits, they still fall outside the specific language of section 58(h) which refers to tax benefits of items of tax preference. Petitioners utilized straight-line depreciation on the Chualar property. Thus, the only item of tax preference at issue in this matter is the deduction for 60 percent of the capital gains realized by petitioners. Accordingly, Decision will be entered for the respondent. Footnotes
1. Section references are to the Internal Revenue Code as amended and in effect for the year at issue; Rule references are to the Tax Court Rules of Practice and Procedure.↩